UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST SHEET METAL WORKERS
ORGANIZATIONAL TRUST, et al.,

Plaintiffs,

v.

JULES BRESNICK and BMA HOLDINGS, dba
NORTHWEST GREEN MECHANICAL,

Defendants.

Case No. C10-1131-BAT

**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, Northwest Sheet Metal Workers Organization Trust, et al., filed this action to collect unpaid contributions to employee benefit plan trust funds from defendants Jules Bresnick and BMA Holdings, dba Northwest Green Mechanical. Dkt. 1. Plaintiffs have moved, without opposition, for summary judgment. Dkt. 19. For the following reasons, the Court **GRANTS** plaintiffs' motion for summary judgment.

## BACKGROUND

The relevant facts are undisputed. On July 12, 2010, plaintiffs initiated this action against defendants to recover unpaid contributions, liquidated damages, interest, attorney's fees, and costs. Dkt. 1. Plaintiffs are trusts and its trustees; they are authorized to sue under § 502(d)(1) of 29 U.S.C. § 1132(d)(1), the Employee Retirement Income Security Act of 1974

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 1

("ERISA"). Plaintiffs operate under § 302 of the Labor Management Relations Act of 1947 to provide certain benefits to eligible participants. Plaintiffs are also responsible for maintaining each trust's records and files, collecting contributions, auditing employers, and processing and paying claims for benefits for the Sheet Metal Workers, Local 66 ("Local 66"). Local 66 is an employee organization within the meaning of ERISA.

Defendant BMA Holdings, dba Northwest Green Mechanical ("Northwest Green"), employed members of a bargaining unit represented by Local 66. Defendant Northwest Green is also a signatory to a collective bargaining agreement ("CBA") with Local 66. Under the CBA, Northwest Green was obligated to make payments to funds under the CBA and trust agreements for these funds. The CBA required Northwest Green to contribute to the funds at a specific rate. The CBA and trust agreements provided when an employer made delinquent payments or failed to make payments, the employer would be liable for liquidated damages of 20% of the amount of the contributions due to the funds. The CBA and trust agreements also provided for pre-judgment interest of 12% per annum, and reasonable attorney fees and costs whenever contributions were not made in a timely manner.

For the time period October 2009 through February 2010, Northwest Green failed to make the required contributions. As a consequence, Northwest Green thus owes plaintiffs the following amount in contributions, liquidated damages, interest and attorney's fees and costs:

    (1)    Contributions: $26,058.27

    (2)    Liquidated damages: $4,961.46

    (3)    Pre-judgment interest: $510.48

    (4)    Costs: $430.00

    (5)    Attorney's fees: $4,518.30.

Due to Northwest Green's failure to make the required contributions, the parties entered in a settlement agreement on April 19, 2010. Defendant Northwest Green agreed to repay the amounts due for October 2009 through February 2010, paying $1,340.00 per month beginning on May 15, 2010 and continuing thereafter on the 15th of each succeeding month until the amounts due and interest at 8% annum were paid in full. Under the agreement, in the event Northwest Green failed to remain current with its ongoing contributions, defendant Jules Bresnick ("Bresnick") agreed to be jointly and severally liable along with Northwest Green for all amounts due. Northwest Green failed to make the monthly payments as required under the agreement and thus the full amount listed in the parties' settlement agreement remains due.

**DISCUSSION**

A court should grant summary judgment when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, it is entitled to summary judgment if the nonmoving party fails to present specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Plaintiffs have shown, and defendants do not dispute, that defendants are liable for unpaid contributions from October 2009 through February 2010, liquidated damages, interest on that amount, and attorney's fees and costs. In fact, the parties entered into an agreement in which the defendants agreed to make payment. The Court agrees with plaintiffs that the settlement agreement should be construed as an enforceable promise under ERISA and therefore

Case 2:10-cv-01131-BAT   Document 23   Filed 09/26/11   Page 4 of 5

subjects defendant Bresnick to joint and several liability with defendant Northwest Green.

In regards to plaintiffs' request that liquidated damages be awarded, under 29 U.S.C. § 1145, an employer who is obligated to make contributions to an employee benefit plan must make the contributions in accordance with the terms of the governing CBA.  Section 1132(g)(2) provides that in an action seeking payment of delinquent contributions in which the court awards judgment in favor of the plan, the court shall award the plan:

    (A)    the unpaid contributions,
    (B)    interest on the unpaid contributions,
    (C)    an amount equal to the greater of—

        (i)    interest on the unpaid contributions, or
        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and
    (E)    such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).  A plan is entitled to an award under § 1132(g)(2) under the following conditions: "(1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award."  *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) (citing *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989)).  As all of the conditions are met here, plaintiff is entitled to an award of liquidated damages equal to 20 percent of the unpaid contributions.

Accordingly, for the reason set forth above, the Court **ORDERS:**

(1)    Plaintiffs' motion for summary judgment (Dkt. 19) is **GRANTED**.

(2)    Judgment is awarded in favor of plaintiffs against defendants Northwest Green

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 4

and Bresnick, jointly and severally, as follows:

(3) $26,058.27 in employee benefit contributions due for the period October 2009 through February 2010, inclusive with interest at the rate of 8% per annum until paid;

(4) $4,961.46 in liquidated damages for the period April 2010 through July 2010 inclusive, with interest at the rate of .11% per annum until paid;

(5) $510.48 in prejudgment interest through August 26, 2011, for the period April 2010 through July 2010, with interest at the rate of .11% per annum until paid;

(6) $430.00 in costs, with interest at the rate of .11% per annum, until paid; and

(7) $4,518.30 in attorneys' fees with interest at the rate of .11% per annum until paid.

DATED this 26th day of September, 2011.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 5